IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 2:21-cr-286-ECM |
| | )                              (WO) |
| PERRY LANE DAVIS | ) |

**MEMORANDUM OPINION and ORDER**

Defendant Perry Lane Davis ("Davis") was indicted on June 8, 2021, with failure to register under the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250. (Doc. 1). On July 19, 2021, Davis filed a motion to dismiss asserting that SORNA did not apply to him because he was convicted prior to the enactment of any national sex-offender registry statutes. (Doc. 14). After oral argument and supplemental briefing on the motion, the Magistrate Judge recommended the Defendant's motion to dismiss be denied. (Doc. 27). On September 7, 2021, Davis filed objections to the Report and Recommendation of the Magistrate Judge. (Doc. 28).

On September 15, 2021, the parties filed a joint motion "request[ing] the opportunity to brief the issue of the appropriate jury instruction in advance of trial" as the parties dispute the definition of "residence" under SORNA. (Doc. 29). The Court ordered briefing "addressing the appropriate jury instruction to be given that defines the terms "residence" and "habitually lives" under SORNA should this case proceed to trial." (Doc. 30).

Upon an independent and *de novo* review of the record, and for the reasons that follow, the Court concludes that the Defendant's objections are due to be OVERRULED

and the motion to dismiss is due to be DENIED. The Court further concludes that defining the appropriate jury instruction prior to hearing the evidence at trial is premature but the Defendant's requested charge will be DENIED as it is an inaccurate statement of the law.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3). Because the Defendant has asserted a specific objection to the Magistrate Judge's legal conclusion, the Court has reviewed *de novo* those portions of the Magistrate Judge's findings and recommendations to which the Defendant objects. 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Defendant objects solely to the Magistrate Judge's legal conclusion "that, because he is on parole, the Necessary and Proper Clause authorizes enforcing first the Wetterling Act, and later SORNA, against him." (doc. 28 at 2).

In *United States v. Kebodeaux*, the Supreme Court held that "the Necessary and Proper Clause grants Congress adequate power to enact SORNA and to apply it [to the Defendant.]" 570 U.S. 387, 389 (2013). In *Kebodeaux*, because the federal defendant had not been "unconditionally released," and was still in a "special relationship with the federal government," the Court concluded that the Wetterling Act and SORNA registration

requirements applied to Kebodeaux "under Congress' authority under the Military Regulation and Necessary and Proper Clauses." 570 U.S. at 399. *See also, United States v. Thompson*, 811 F.3d 717725 (5th Cir. 2016) ("the majority opinion [in *Kebodeaux*] binds us, and its analysis does not confine SORNA's constitutionality to applications involving only the Military Regulation Clause. . . . SORNA is constitutional under the Necessary and Proper Clause."). It is undisputed that the Defendant was on parole when the Wetterling Act was enacted in 1998, and when SORNA was subsequently enacted. Accordingly, the Court concludes that the Defendant was subject to the federal registration requirements of both statutes. *Kebodeaux*, *supra*.

The Defendant's objections to the Report and Recommendation repeat his arguments from his motion to dismiss, and, upon *de novo* review, the Court finds that the Recommendation thoroughly addressed those arguments and properly rejected them. For these reasons as stated, the Court concludes Davis' objections to the Recommendation are due to be overruled, and his motion to dismiss is due to be denied.

The Court next turns to the parties' request that, prior to trial, the Court notify them of the jury instruction that will be given that defines the terms "residence" and "habitually lives" under SORNA, which the Court construes as a request pursuant to Federal Rules of Criminal Procedure Rule 30.[1] "Rule 30(b) requires the Court to inform the parties before

---

[1] Fed. R. Crim. P. 30(a) provides as follows.

> (a) IN GENERAL. Any party may request in writing that the court instruct the jury on the law as specified in the request. The request must be made at the close of the evidence or at any earlier time that the court

closing arguments as to how it will rule on requested instructions, so that counsel is able to argue intelligently to the jury." *United States v. Frank*, 599 F.3d 1221, 1240 (11th Cir. 2010); *United States v. Lopez*, 590 F.3d 1238, 1252 (11th Cir. 2009).  However, the Rule only requires the Court to notify the parties before closing arguments on "how it intends to rule on the requested instructions." *United States v. Melgen*, 967 F.3d 1250, 1262 (11th Cir. 2020) (quoting Fed. R. Crim. P. 30(b)).  The purpose of the rule is "to prevent an attorney from being surprised by an instruction that might contradict the attorney's theory of the case." *United States v. Anderson*, 1 F.4th 1244, 1267 (11th Cir. 2021).

The Defendant requests that the Court instruct the jury that "[a]n individual '**habitually lives**' in any place in which the sex offender lives for at least 30 **consecutive** days." (Doc. 33) (emphasis added on consecutive).  The Court has not found any other court that has given a jury instruction in a SORNA failure to register case that includes the word "consecutive" in the instruction, and the Defendant does not point the Court to one. Rather, some courts that have given a jury instruction defining "habitually lives" include the phrase "at least 30 days."  *See United States v. Alexander*, 817 F.3d 1205, 1213 (10th Cir. 2016); *United States v. Adams*, 888 F.3d 1134, 1137 (10th Cir. 2018); *United States v. Elk Shoulder*, 2019 WL 6842407 (D. Montana 2019).  Accordingly, to prevent surprise to the attorneys at trial, the Court concludes that the Defendant's proposed jury instruction

---

reasonably sets.  When the request is made, the requesting party must furnish a copy to every other party.

containing the word "consecutive" is an inaccurate statement of the law and will not be given.

## CONCLUSION

Accordingly, it is

ORDERED that:

1. the Defendant's objections (doc. 28) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 27) is ADOPTED; and

3. the Defendant's motion to dismiss (doc. 14) is DENIED.

Done this 4th day of March, 2022.

                                      /s/Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE